IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM FRANK JONES, JR., 1580775,<br>      Petitioner,<br><br>v.<br><br>RICK THALER, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>      Respondent. | No. 3:10-CV-0022-N<br>(Consolidated with<br>3:09-CV-2301-N) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I.    Procedural Background**

Petitioner challenges his conviction for possession of cocaine with intent to deliver. *State of Texas v. William Frank Jones*, No. 2-08-575 (382nd Dist. Ct., Rockwall County, Tex., July 7, 2009). Pursuant to a plea agreement, Petitioner was sentenced to eight years imprisonment. Petitioner did not file a direct appeal.

On August 20, 2009, Petitioner filed a state habeas petition. *Ex parte Jones*, No. 72,840-01. On October 28, 2009, the Court of Criminal Appeals denied the petition without written

order. In 2012, Petitioner filed a second state habeas petition. On April 11, 2012, the Court of Criminal Appeals dismissed the petition as a subsequent writ.

On November 20, 2009, Petitioner filed a § 2254 petition that was later consolidated with the instant case. On January 29, 2010, Petitioner filed the instant § 2254 petition. He argues: (1) he received ineffective assistance of counsel when counsel failed to file a motion to suppress; (2) he wasn't allowed to proceed with the counsel of his choice; (3) counsel lied to him by telling him he filed a motion to suppress; (4) counsel coerced him into pleading guilty by telling him counsel would suppress the evidence on appeal; (5) counsel was ineffective when he failed to object to the judge's statement of that he had no right to appeal without permission from the judge; (6) counsel was ineffective when he failed to preserve the suppression issue for appeal; (7) cumulative errors render his conviction unlawful; and (8) the state habeas court failed to follow proper procedures.

On April 30, 2010, Respondent filed his answer. Petitioner filed numerous replies, supplements and amended petitions. The Court now finds the petition should be denied.

## II.     Discussion

### 1.     Standard of review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

**2.   State Habeas Procedures**

Petitioner argues the state habeas court violated his rights by failing to enter findings and conclusions regarding his petition, and by failing to order the state to respond to his petition. Defects in state habeas procedures, however, "do not constitute grounds for relief in federal court." *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999). Additionally, under Texas law, if the trial court fails to enter an order ruling on a habeas petition, the petition is considered overruled by operation of law, and is forwarded to the Court of Criminal Appeals. TEX. CODE CRIM. P. 11.07, Sec. 3(c). Petitioner's claim should be denied.

**3.   Guilty Plea/Ineffective Assistance of Counsel**

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 3**

Petitioner argues he received ineffective assistance of counsel which rendered his guilty plea involuntary. Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight").

In this case, Petitioner signed written plea admonishments that informed him of the charges against him and the range of punishment. (Resp. Appx. A.) Petitioner signed a judicial confession stating he read the indictment and that he is guilty of the charges. (*Id.*) He also stipulated that his guilty plea was freely and voluntarily entered. (*Id.*)

Petitioner claims his counsel lied to him and told him he filed a motion to suppress evidence when he did not. Petitioner states when he determined no motion to suppress was filed, his counsel coerced him into pleading guilty by telling Petitioner he would file a motion to suppress evidence on appeal. Petitioner's statement is conclusory and he submits no evidence to support his claims. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings). Additionally, at the time he pled guilty, Petitioner signed a statement that he was satisfied with the representation of defense counsel. (Resp. Appx. A.) Petitioner has failed to show he was coerced into pleading guilty. The Court finds Petitioner has failed to show his guilty plea was

involuntarily entered. Petitioner's claims that he received ineffective assistance of counsel because his counsel coerced him into pleading guilty should be denied.

**4.    Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner argues his counsel was ineffective because he failed to suppress evidence. The Court has found Petitioner's plea was knowingly, intelligently, and voluntarily entered. Once a guilty plea has been entered, all nonjurisdictional defects are waived. *See Smith v. Estelle*, 711

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**

F.2d 677, 682 (5th Cir. 1983)(citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)). This waiver includes all claims of ineffective assistance of counsel, except those claims that relate to the voluntariness of the guilty plea. *Smith*, 711 F.2d at 682 (citations omitted). Petitioner's claim does not relate to the voluntariness of his plea and is therefore waived.

**5.      Procedural Bar**

Petitioner raises a number claims in his § 2254 that he failed to raise in his first state habeas petition. He argues: (1) he was not allowed to proceed with the counsel of his choice; (2) counsel was ineffective when he failed to object to the judge's statement that he had no right to appeal without permission from the judge; (3) counsel was ineffective when he failed to preserve the suppression issue for appeal; and (4) cumulative errors rendered his conviction unlawful. Although Petitioner filed a second state habeas petition raising these claims, the Court of Criminal Appeals dismissed the petition on April 11, 2012, as a subsequent petition.

Federal courts may not review a state court decision that rests on an adequate and independent state procedural default, unless the habeas petitioner shows cause for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989).

To overcome the procedural bar, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider his claims will result in a fundamental miscarriage of justice." *Id*. at 524.

Petitioner has shown no cause for the procedural default. Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 6**

crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

**6.    Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 7**

Signed this 20th day of July, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).